# United States District Court
### IN THE DISTRICT OF COLUMBIA

STEPHEN J. GUIDETTI

    Plaintiff,

v.

United States

    Defendant.

No: 1:06-cv-00476 (JR)

RESPONSE TO OPPOSITION TO MOTION TO BIFURCATE and SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

*[Handwritten: 8/31/06 Leave to file granted. [signature] USDJ]*

    Plaintiff hereby responds to defendant's OPPOSITION TO MOTION TO BIFURCATE. On the basis that defendant's "opposition" presents matters outside the Complaint, Plaintiff includes a Sur-Reply to defendant's reply to Plaintiff's RESPONSE TO MOTION TO DISMISS.

    Defendant moved to dismiss the above-captioned action for insufficiency of service, and for lack of subject matter jurisdiction. Defendant's motion fails on each ground, as follows:

SERVICE WAS SUFFICIENT - DEFENDANT'S CITATIONS MISREPRESENTATIVE

    In support of counsel's confusion between Fed.R.Civ.P. 4(c) and Fed.R.Civ.P. 4(i), counsel cites DAVIS v. GARCIA 226 F.R.D. 386 and TAYLOR v. U.S. I.R.S. 192 F.R.D. 223, among other cases. However, neither of these cases, nor, presumably, any of the others cited, were decided upon this pivotal issue.

    In DAVIS, "…plaintiffs Proof of Service indicate[d] that service was made under Rule 5(b) of the Federal Rules of Civil Procedure. (Id. at 1.) However, Rule 5 applies to

**RECEIVED**

AUG 2 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



'every pleading subsequent to the original complaint.'"

"Moreover," the magistrate found, "plaintiff failed to indicate in paragraph 1 of the Proof of Service (filed June 25, 2004) what document was being served. (Id) Finally, it appears that plaintiff simply served a copy of the Summons and Complaint, without including a waiver of service or notice and acknowledgment form as required by state and federal law. Cal.Code of Civ. Proc. § 415.30; Fed.R.Civ.P. 4(e)(l)."[1]

DAVIS' Dismissal was recommended, "In light of the defects in service described above, it appears that plaintiff has failed to effect proper service within the allotted time period." , and that recommendation was accepted. DAVIS v. GARCIA 226 F.R.D. 386, at 387.

DAVIS was dismissed for failure to timely effect service, and counsel's assertions misrepresent fact and law regarding the dismissal.

Counsel similarly misrepresents TAYLOR v. U.S. I.R.S. 192 F.R.D. 223: "Inasmuch as more than 120 days have passed since the filing of Plaintiffs complaint; plaintiffs have not moved for an enlargement of time in order to perfect service; and Plaintiffs made no attempt in their response to CISD's motion to show good cause for their failure to perfect service, the action against CISD is properly dismissed without prejudice." TAYLOR v. U.S. I.R.S. 192 F.R.D. 223, at 224.

Counsel's misrepresentation should be deemed intentional, since counsel conceded to misrepresenting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694.

---

[1] Waiver of service is inapplicable when the United States is the defendant.

Dismissal on grounds of insufficiency of service should be denied.

EXHAUSTION REQUIREMENT HELD TO BE NONJURISDICTIONAL

Counsel's litany of reasons why the Supreme Court's broad interpretation with respect to subject matter jurisdiction notwithstanding, counsel's arguments with respect to this issue border on the schizophrenic; counsel simultaneously argues that District Court cases cited by Plaintiff (Turner and Masterson) are not precedential, yet strives to use other District Court cases (Glass, McGuirl) precedentially.

For the Court's convenience: <u>Masterson v. United States of America</u>, D.D.C. 05-1807 (JDB); and <u>Turner v. United States</u>, D.D.C. 05-1716 (JDB), (upon which Masterson relied), cited <u>Arbaugh v. Y & H Corp.</u>, 126 S.Ct. 1235, (2006), quoting, in <u>Turner</u>:

> To guide courts in that inquiry, Arbaugh adopted a clear-statement rule:
>
>> [W]e think it the sounder course to ... leave the ball in Congress' court. If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

<u>Turner</u> held the exhaustion requirement nonjurisdictional. Based upon counsel's concession that the instant case is "identical or nearly identical " to Turner, the exhaustion requirement must be held nonjurisdictional in the instant case.

RECOGNIZED EXCEPTION TO EXHAUSTION REQUIREMENT CONCEDED

By failing to oppose Plaintiff's assertions with respect to agency bias, citing McCarthy v. Madigan, 503 U.S. 140 (regarding exception(s) to an exhaustion requirement), and Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (regarding a court's supposed inability to excuse a mandated exhaustion requirement), counsel has conceded the relevance of agency bias to the instant case.

Turner and Masterson interpreted Avocados Plus' apparent prohibition, with all due respect, erroneously, as illustrated in Spinelli v. Goss, ___ F. 3d _____, D.C. Circuit No. 05-5270 (DC No. 00cv00408), (May 5, 2006).

The D.C. Circuit Court of Appeals clarified Avocados Plus in Spinelli and also cited McCarthy (indirectly), stating:

> Such "jurisdictional exhaustion," as we have called it, may not be excused. Avocados Plus Inc. v. Veneman, 370 F.3d 1243, 1247 (D.C. Cir. 2004) (internal quotation marks omitted).

Counsel has conceded Spinelli's clarification of Avocados Plus, and the exception for agency bias operative in McCarthy.

## MOTION TO BIFURCATE CONCEDED

Counsel lastly concedes that the Court has discretion to bifurcate this case, asserting, in opposition, that there is no basis for bifurcation.

Counsel's repeated misrepresentations and concessions, attempts to determine precedence of case law on the basis whether the case was decided in favor of the defendant or the Plaintiff; all viewed in the context of counsel's client's evident bias, graphically illustrates the necessity of bifurcation.

Respectfully,

*[signature]*

AUGUST 17, 2006        Stephen J. Guidetti

On the above inscribed date before the undersigned, a Notary Public for the State of South Carolina, personally appeared Stephen J. Guidetti, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same as his free act and deed.

_____
Notary, State of South Carolina