UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEPHEN J. GUIDETTI,                :
                                    :
        Plaintiff,                  :
                                    :
    v.                              :  Civil Action No. 06-0476 (JR)
                                    :
UNITED STATES,                      :
                                    :
        Defendant.                  :

# MEMORANDUM

Pro se plaintiff Stephen Guidetti alleges a series of violations by the Internal Revenue Service ("IRS") in the collection of taxes. He seeks damages against the United States pursuant to 26 U.S.C. § 7433.[1] The government moves to dismiss on a number of grounds, among them improper service and failure to exhaust administrative remedies. Plaintiff has cross-moved to bifurcate "to investigate the applicability of a bias exception" to the exhaustion requirement.

At the outset, defendant seeks dismissal on the grounds that service was improper, because Fed. R. Civ. P. 4(c)(2) requires service to be performed by a non-party, and plaintiff

---

[1] This case is one of more than seventy cases in which pro se plaintiffs have filed complaints in this Court pursuant to 26 U.S.C. § 7433, many of which have been dismissed for failure to exhaust administrative remedies. See, e.g., Gross v. United States, Civ. No. 05-1818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006). Plaintiffs' filings in this case, while not identical to those in other cases, are virtually indistinguishable from them, and presumably incited, or aided and abetted, by templates found on the Internet.

himself served the summons in this case.  Plaintiff appears pro se, however, and is "allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings."  Moore v. Agency for Int'l Dev't, 994 F.2d 874, 876 (D.C. Cir. 1993).  For this reason, and because the defect is of relatively minor significance, I will follow those of my colleagues who have chosen to resolve similar defense motions on alternate grounds.  See, e.g., Lykens v. U.S. Government, Civ. No. 06-1226, 2006 WL 3408188, *4, n.2 (D.D.C. Nov. 27, 2006)(Bates, J.); Lindsey v. United States, 448 F.Supp.2d 37, 47 (D.D.C. 2006)(Walton, J.); Erwin v. United States, Civ. No. 05-1698, 2006 WL 2660296, *7 (D.D.C. Sept. 15, 2006)(Kollar-Kotelly, J.).

      The Taxpayer Bill of Rights waives the sovereign immunity of the United States with respect to taxpayer suits for damages if, "in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision . . . or any regulation" of the tax code.  26 U.S.C. § 7433(a).  However, section 7433(d)(1) further provides that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."

The IRS has established by regulation the procedures by which a taxpayer may pursue an administrative claim under section 7433. See 26 C.F.R. § 301.7433-1. The regulations require that the taxpayer write to the "Area Director, Attn: Compliance Technical Support Manager" for the area in which the taxpayer resides, id. § 301.7433-1(e)(1), and provide:

> (I) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
> (v) The signature of the taxpayer or duly authorized representative.

Id. § 301.7433-1(e). The regulations provide that a § 7433 action for damages "may not be maintained unless the taxpayer has filed an administrative claim pursuant to . . . this section," 26 C.F.R. § 301.7433-1(a), and suit may not be filed until either the IRS rules on the claim or six months pass without a decision on a properly filed claim, id. § 301.7433-1(d)(i)-(ii). The only exception is for administrative submissions made during the last six months of the two-year statute-of-limitations period; a

taxpayer may file suit immediately after the administrative claim is submitted in such a circumstance – but the taxpayer must have filed administratively first, id. § 301.7433-1(d)(2).

Plaintiff does not claim that he has exhausted his administrative remedies, as required by 26 U.S.C. § 7433(d)(1), or that he has filed an administrative claim, as required by 26 C.F.R. § 301.7433-1.  Instead, he states that he has "exhausted all available administrative remedies and may forego exhausting any administrative remedies that are either futile or inadequate."  Compl. ¶ 7.[2]  He also moves to bifurcate to investigate the applicability of a "bias exception" to the nonjurisdictional exhaustion requirement.  Plaintiff's bare allegation of exhaustion falls short of satisfying the exhaustion requirement, however, where, as here, failure to exhaust has been asserted in a motion to dismiss.  Furthermore, section 7433's exhaustion requirement does not provide for such exceptions, see, e.g., Lykens v. U.S. Government, Civ. No. 06-0226, 2006 WL 3408188, at *9-10 (D.D.C. Nov. 27, 2006)(Bates, J.), and,

---

[2]Plaintiff claims to have exhausted administrative remedies by sending "numerous" written requests "for documents and authorities" to the IRS, receiving either no response or "frivolous responses."  Compl. ¶ 10-11.  He also asserts that requiring him to comply with IRS regulations by pursuing an administrative claim would "amount to nothing more than futile reexhaustion," Compl. ¶ 12, and that defendant has "effectively nullified the pursuit of administrative remedies by eliminating the Office through which administrative remedy is sought," Compl. ¶ 6.

although a court may relieve a plaintiff of an exhaustion requirement when the requirement has been judicially created, it cannot do so where the exhaustion requirement has been mandated by Congress.  See Gross v. United States, Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006)(citing Turner v. United States, 429 F. Supp. 2d 149, 152 (D.D.C. 2006)).  Because plaintiff's failure to exhaust is uncontested and is required by the statute, his claim for damages will be dismissed for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).[3]

For the foregoing reasons, defendant's motion to dismiss will be granted.  An appropriate order accompanies this memorandum.


                                        JAMES ROBERTSON
                                  United States District Judge

---

[3] The government requests dismissal pursuant to Rule 12(b)(1), rather than 12(b)(6), arguing that plaintiffs' failure to exhaust deprives this court of subject matter jurisdiction. Section 7433's exhaustion requirement is nonjurisdictional, however. See Gross v. United States, Civ. No. 05-11818, 2006 WL 2787838 (D.D.C. Sept. 26, 2006). See also Lindsey v. United States, 448 F.Supp.2d 37 (D.D.C. 2006)(Walton, J.)); Turner v. United States, 429 F. Supp. 2d 149 (D.D.C. 2006)(Bates, J.); Ross v. United States, 460 F.Supp.2d 139, 145 (D.D.C. 2006)(Bates, J.)(reconsidering and reaffirming the rule in Turner that section 7433's exhaustion requirement is nonjurisdictional.)