[4830-01-u]
DEPARTMENT OF THE TREASURY
Internal Revenue Service
26 CFR Part 301
[Reg-251502-96]
RIN 1545-AU68
Civil Cause of Action for Certain Unauthorized Collection Actions
AGENCY: Internal Revenue Service (IRS), Treasury.
ACTION: Notice of proposed rulemaking.
SUMMARY: This document contains proposed regulations relating to civil causes of action for damages caused by unlawful collection actions of officers and employees of the Internal Revenue Service (IRS). The proposed regulations reflect amendments made by the Taxpayer Bill of Rights 2. The proposed regulations affect all taxpayers who file civil actions for damages caused by unlawful collection actions of officers or employees of the IRS.
DATES: Written comments and requests for a public hearing must be received by March 31, 1998.
ADDRESSES: Send submissions to: CC:DOM:CORP:R (Reg-251502-96), room 5226, Internal Revenue Service, POB 7604, Ben Franklin Station, Washington, DC 20044. Submissions may be hand delivered between the hours of 8 a.m. and 5 p.m. to: CC:DOM:CORP:R (Reg-251502-96), Courier's Desk, Internal Revenue Service, 1111 Constitution Avenue NW., Washington DC. Alternatively, taxpayers may submit comments electronically via the Internet by selecting the "Tax Regs" option on the IRS Home Page, or by submitting

comments directly to the IRS Internet site at http://www.irs.ustreas.gov/prod/tax_regs/comments.html.
FOR FURTHER INFORMATION CONTACT: Kevin B. Connelly, (202) 622-3640 (not a toll-free number).
SUPPLEMENTARY INFORMATION:
Background
    This document contains proposed amendments to the Procedure and Administration Regulations (26 CFR part 301) relating to civil actions for damages caused by unlawful collection actions of officers or employees of the IRS. The Taxpayer Bill of Rights 2 (TBOR2), Public Law 104-168, 110 Stat. 1465 (1996), amended section 7433 of the Internal Revenue Code of 1986 (Code) by raising the cap on the amount a taxpayer may be awarded for damages caused by unlawful collection actions from $100,000 to $1,000,000. Under prior law, a suit for damages could not be brought unless the taxpayer first exhausted administrative remedies available within the IRS. TBOR2 eliminated this jurisdictional prerequisite but authorized federal district courts to reduce damage awards if the taxpayer fails to exhaust administrative remedies. The proposed regulations reflect these changes.
Explanation of Provision
    Section 801 of TBOR2 amended section 7433(a) of the Code by increasing from $100,000 to $1,000,000 the cap on the amount of damages that a taxpayer may recover in Federal district court from the United States for damages caused by any unauthorized collection actions of an officer or employee of the IRS occurring after July 30, 1996. Section 802 of TBOR2 amended section 7433(d)(1) of the Code by providing that a taxpayer's failure to exhaust administrative remedies available within the IRS shall only be a factor that the court may consider in determining whether to reduce the amount of an award. In actions filed prior to the enactment of TBOR2, the failure to exhaust administrative remedies was a jurisdictional bar to an action. The proposed regulations reflect the changes made by TBOR 2.
    <u>The regulations that are being amended by these proposed regulations currently provide that administrative remedies shall be considered exhausted on the earlier of: (1) the date the decision is rendered by the IRS on an administrative claim for damages filed in accordance with the manner and form set forth in the regulations; or (2) the date six months after the date an administrative claim is filed in accordance with the manner and form set forth in the regulations. 26 CFR §301.7433-1(d). An exception to this rule is provided with respect to civil actions filed in federal district court prior to July 31, 1996. Under this exception, if an administrative claim is filed during the last six months of the period of limitations for filing a civil action for damages under section 7433 of the Code, administrative remedies shall be considered exhausted on the date the administrative claim is filed.</u> The exception was included in the current regulations because, prior to the enactment of TBOR2, the failure to exhaust administrative remedies was a jurisdictional bar to an action. Without the exception, if a taxpayer filed an administrative claim during the last six months

of the period of limitations and the IRS did not consider the claim before the limitations period expired, the taxpayer automatically would have been barred from filing suit. These provisions still apply to actions that were filed on or before July 30, 1996, the enactment date of TBOR2.

With respect to actions filed after July 30, 1996, the proposed regulations do not contain the exception for administrative claims filed during the last six months of the period of limitation because the failure to exhaust administrative remedies is no longer a bar to an action. Since the enactment of TBOR2, the failure to exhaust administrative remedies is just one factor the court may consider in determining whether to reduce an award of damages. Pursuant to the notice of proposed rulemaking, if a taxpayer waits until the last six months of the period of limitations to file an administrative claim, the IRS does not reach a determination before the limitations period expires, and the taxpayer files a timely action under section 7433, the court may consider the facts and circumstances of the case and decide what effect the late filing of the claim should have on the amount of damages awarded.

The proposed manner and form for filing an administrative claim for damages remain the same as those set forth in the current regulations at 26 CFR 301.7433-1(e)(1) and (2). The claim must be sent in writing to the district director (marked for the attention of the Chief, Special Procedures Function) of the district in which the taxpayer resides. The claim must include: (1) the name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim; (2) the grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service); (3) a description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence); (4) the dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and (5) the signature of the taxpayer or duly authorized representative.

The notice of proposed rulemaking does not have a new effective date paragraph because amended paragraphs (a), (d), and (e) set forth the effective dates of the new statutory provisions as well as the statutory provisions they are replacing.

Special Analyses

It has been determined that this notice of proposed rulemaking is not a significant regulatory action as defined in EO 12866. Therefore, a regulatory assessment is not required. It also has been determined that section 553(b) of the Administrative Procedure Act (5 U.S.C. chapter 5) does not apply to these regulations, and because the regulation does not impose a collection of information on small entities, the Regulatory Flexibility Act (5 U.S.C. chapter 6) does not apply. Pursuant to section 7805(f) of the Internal Revenue Code, this notice of proposed rulemaking will be submitted to the Chief Counsel for

Advocacy of the Small Business Administration for comment on its impact on small business.

Comments and Requests for a Public Hearing

Before these proposed regulations are adopted as final regulations, consideration will be given to any written comments that are submitted timely (a signed original and eight (8) copies) to the IRS. All comments will be available for public inspection and copying. A public hearing may be scheduled if requested in writing by a person that timely submits written comments. If a public hearing is scheduled, notice of the date, time, and place for the hearing will be published in the Federal Register.

Drafting Information

The principal author of these regulations is Kevin B. Connelly, Office of Assistant Chief Counsel (General Litigation) CC:EL:GL, IRS. However, other personnel from the IRS and Treasury Department participated in their development.

List of Subjects in 26 CFR Part 301

Employment taxes, Estate taxes, Excise taxes, Gift taxes, Income taxes, Penalties, Reporting and recordingkeeping requirements.

Proposed Amendments to the Regulations

Accordingly, 26 CFR part 301 is proposed to be amended as follows:

PART 301--PROCEDURE AND ADMINISTRATION

Paragraph 1. The authority citation for part 301 continues to read in part as follows:

Authority: 26 U.S.C. 7805 * * *

Par. 2. In §301.7433-1, paragraphs (a), (d), (e), and (f) are revised to read as follows:

§301.7433 Civil cause of action for certain unauthorized collection actions.

(a) In general. If, in connection with the collection of a federal tax with respect to a taxpayer, an officer or an employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the Internal Revenue Code or any regulation promulgated under the Internal Revenue Code, such taxpayer may bring a civil action for damages against the United States in federal district court. The taxpayer has a duty to mitigate damages. The total amount of damages recoverable is the lesser of $1,000,000 ($100,000 if the act giving rise to damages occurred before July 31, 1996) or the sum of--

(1) The actual, direct economic damages sustained as a proximate result of the reckless or intentional actions of the officer or employee; and

(2) Costs of the action.

* * * * *

(d) Exhaustion of administrative remedies in suits brought prior to July 31, 1996--(1) General. With respect to civil actions filed in federal district court prior to July 31, 1996, no action may be maintained before the exhaustion of administrative remedies. Administrative remedies are exhausted on the earlier of the following dates--

(i) The date the decision is rendered on an administrative

```
claim filed in accordance with paragraph (f) of this section; or
     (ii) The date six months after the date an administrative
claim is filed in accordance with paragraph (f) of this section.
     (2)  Exception.  If an administrative claim is filed in
accordance with paragraph (f) of this section during the last six
months of the period of limitations described in paragraph (g) of
this section, the taxpayer may file an action in federal district
court any time after the administrative claim is filed and before
the expiration of the period of limitations.
     (3)  No action in federal district court for any sum in
excess of the dollar amount sought in the administrative claim.
With respect to civil actions filed in federal district court
prior to July 31, 1996, no action may be instituted for any sum
in excess of the amount (already incurred and estimated) of the
administrative claim filed under paragraph (f) of this section,
except where the increased amount is based upon newly discovered
evidence not reasonably discoverable at the time the
administrative claim was filed, or upon allegation and proof of
intervening facts relating to the amount of the claim.
     (e) Exhaustion of administrative remedies in suits brought
after July 30, 1996--(1) General.  With respect to civil actions
filed in federal district court after July 30, 1996, the amount
of damages awarded under paragraph (a) of this section may be
reduced if the court determines that the taxpayer has not
exhausted the administrative remedies available within the
Internal Revenue Service.
     (2) Administrative remedies exhausted.  Administrative
remedies shall be considered exhausted on the earlier of--
     (i) The date the decision is rendered on a claim filed in
accordance with paragraph (f) of this section; or
     (ii) The date six months after the date an administrative
claim is filed in accordance with paragraph (f) of this section.
     (f)  Procedures for an administrative claim--(1)Manner.  An
administrative claim for damages shall be sent in writing to the
district director (marked for the attention of the Chief, Special
Procedures Function) of the district in which the taxpayer
resides.
     (2)  Form.  The administrative claim shall include--
     (i)  The name, current address, current home and work
telephone numbers and any convenient times to be contacted, and
taxpayer identification number of the taxpayer making the claim;
     (ii) The grounds, in reasonable detail, for the claim
(include copies of any available substantiating documentation or
correspondence with the Internal Revenue Service);
     (iii) A description of the injuries incurred by the taxpayer
filing the claim (include copies of any available substantiating
documentation or evidence);
     (iv) The dollar amount of the claim, including any damages
that have not yet been incurred but which are reasonably
foreseeable (include copies of any available substantiating
documentation or evidence); and
     (v)  The signature of the taxpayer or the taxpayer's duly
authorized representative as defined in paragraph (f)(3) of this
section.
```

    (3) Duly authorized representative. For purposes of paragraph (f)(2)(v) of this section, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.
\* \* \* \* \*

                                Michael P. Dolan
                     Deputy Commissioner of Internal Revenue