# Fiscal Year 2005 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations

July 2005

Reference Number: 2005-40-104

This report has cleared the Treasury Inspector General for Tax Administration disclosure review process and information determined to be restricted from public release has been redacted from this document.

---

MEMORANDUM FOR DEPUTY COMMISSIONER FOR SERVICES AND ENFORCEMENT
DEPUTY COMMISSIONER FOR OPERATIONS SUPPORT

July 5, 2005

FROM: *(for)* Pamela J. Gardiner /s/ Margaret E. Begg
Deputy Inspector General for Audit

SUBJECT: Final Audit Report - Fiscal Year 2005 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations (Audit # 200440052)

This review presents the results of our review of the Internal Revenue Service's (IRS) use of the designation "Illegal Tax Protester" (ITP) and similar designations. The overall objective of this review was to determine whether the IRS complied with IRS Restructuring and Reform Act of 1998 (RRA 98) Section (§) 3707 and internal IRS guidelines that prohibit IRS officers and employees from referring to taxpayers as ITPs or any similar designations.

Prior to enactment of the RRA 98, taxpayers were referred to the ITP Program when their tax returns or correspondence contained specific indicators of noncompliance with the tax law, such as the use of arguments that had been repeatedly rejected by the courts. Once a taxpayer's account was coded as an ITP, certain tax enforcement actions were accelerated. The designation was also intended to alert IRS employees to be cautious so they would not be drawn into confrontations with taxpayers.

RRA 98 § 3707 prohibits the IRS from referring to taxpayers as ITPs or any similar designations. The Treasury Inspector General for Tax Administration (TIGTA) is required to annually evaluate IRS compliance with the prohibition on the use of ITP or any similar designations.

In summary, the IRS has not reintroduced past ITP codes on the Master File, and formerly coded ITP taxpayer accounts have not been assigned similar Master File designations. In addition, the IRS does not have any current publications with ITP references and has initiated actions to remove ITP references from the various forms of the Internal Revenue Manual (IRM).

In 309 isolated instances, IRS employees continued to make references to taxpayers as ITPs and other similar designations in case narratives. The IRS has taken steps in directing its employees to prevent ITP and similar designations from appearing in case narratives. However, in its response to our Fiscal Year (FY) 2003 report, the IRS disagreed with our determination that, to comply with this provision, IRS employees should not designate taxpayers as ITPs or similar designations in case narratives. As a result, we elevated this disagreement to the Assistant Secretary for Management and Chief Financial Officer of the Treasury but have not yet received a response.

**Management's Response:** Since the IRS Office of the Chief Counsel issued an opinion that references to taxpayers as ITPs or similar designations in case narratives are not a violation of RRA 98 § 3707, the IRS continues to disagree with our determination on this issue. As a result, the IRS does not concur with our outcome measure as claimed. In addition, the IRS stated that all ITP designations will be removed from the IRM by the end of FY 2005. We will confirm whether all ITP designations have been removed from the IRM during next year's mandatory review. Management's complete response to the draft report is included as Appendix VII.

**Office of Audit Comment:** We continue to believe it is reasonable to conclude that, based upon the language of RRA 98 § 3707, IRS officers and employees should not label taxpayers as ITPs or similar designations in any IRS records, which include paper and electronic case files. IRS officers and employees should not designate taxpayers as ITPs or similar designations because such a designation alone contains a negative connotation and appears to label the taxpayer.

RRA 98 § 3707 provides that officers and employees of the IRS shall not designate taxpayers as ITPs or any similar designations. While there is little interpretive information provided concerning this provision, the Senate Committee Report (S. Rep. No. 105-174) states that the Committee is concerned taxpayers might be stigmatized by designation as an ITP. Further, the Report's explanation of this provision states that existing designations in the Master File must be removed and any other designations, such as on paper records that have been archived, must be disregarded.

We have not reported that those taxpayers designated by IRS employees as ITPs or similar designations have been harmed by these designations. Only a thorough review of each taxpayer's case and the treatment accorded the taxpayer would determine if these taxpayers have been harmed. Because the TIGTA is required to annually evaluate the IRS' compliance with this provision of the law, we have elevated the disagreement about whether employees are labeling taxpayers as ITPs to the Department of the Treasury and encourage the IRS to raise the issue as well.

Copies of this report are also being sent to the IRS managers affected by the report results. Please contact me at (202) 622-6510 if you have questions or Michael R. Phillips, Assistant Inspector General for Audit (Wage and Investment Income Programs), at (202) 927-0597.

## Table of Contents

Background

Illegal Tax Protester Codes Were Not Used on the Master File

Internal Revenue Service Publications Do Not Contain Illegal Tax Protester References

The Internal Revenue Service Has Initiated Steps to Remove Illegal Tax Protester References From the Internal Revenue Manual

Employees Used Illegal Tax Protester or Similar Designations in Isolated Instances in Case Narratives

Appendix I – Detailed Objective, Scope, and Methodology

Appendix II – Major Contributors to This Report

Appendix III – Report Distribution List

Appendix IV – Outcome Measures

Appendix V – Use of Illegal Tax Protester and Similar Designations in Case Narratives by Internal Revenue Service Employees During Fiscal Years 2003, 2004, and 2005

Appendix VI – Examples of Illegal Tax Protester and Similar Designations Found in Case Narratives

Appendix VII – Management's Response to the Draft Report

## Background

Internal Revenue Service (IRS) Restructuring and Reform Act of 1998 (RRA 98) Section (§) 3707 prohibits the IRS from referring to taxpayers as Illegal Tax Protesters (ITP) or any similar designations. In addition, the RRA 98 requires the removal of all existing ITP codes from the IRS Master File and instructs IRS employees to disregard any such designation not located on the Individual Master File.

Prior to enactment of the RRA 98, taxpayers were referred to the ITP Program when their tax returns or correspondence contained specific indicators of noncompliance with the tax law, such as the use of arguments that had been repeatedly rejected by the courts. Once a taxpayer's account was coded as an ITP, certain tax enforcement actions were accelerated. The designation was also intended to alert IRS employees to be cautious so they would not be drawn into confrontations with taxpayers.

The Congress had concerns that some taxpayers were being permanently labeled and stigmatized by the ITP designation. Taxpayers who subsequently complied with the tax laws could continue to be labeled as ITPs, which could bias IRS employees and result in unfair treatment.

Internal Revenue Code § 7803(d)(1)(A)(v) (2000) requires the Treasury Inspector General for Tax Administration to annually evaluate IRS compliance with the prohibition against using ITP or any similar designations. This is our seventh review since Fiscal Year (FY) 1999. These reviews have identified areas for improvement to help the IRS comply with the ITP designation prohibition.

This review was performed in the Appeals function, Criminal Investigation function, National Taxpayer Advocate function, and Office of Chief Counsel in Washington, D. C.; the Small Business/Self-Employed (SB/SE) Division in New Carrollton, Maryland; and the Wage and Investment (W&I) Division in Atlanta, Georgia, during the period September 2004 through April 2005. The audit was conducted in accordance with *Government Auditing Standards*. Detailed information on our audit objective, scope, and methodology is presented in Appendix I. Major contributors to the report are listed in Appendix II.

## Illegal Tax Protester Codes Were Not Used on the Master File

In prior reviews, we reported the IRS had removed the ITP codes from the Master File as required by RRA 98 § 3707. The ITP designation has not been reintroduced on the Master File.

RRA 98 § 3707 also prohibits using any designation similar to ITP. A review of the approximately 57,000 taxpayer accounts formerly coded as ITPs on the Master File identified no reassignments of these taxpayer accounts to any other Master File designation similar to ITP.

## Internal Revenue Service Publications Do Not Contain Illegal Tax Protester References

To help promote compliance with RRA 98 § 3707, IRS management issued directives for employees to update various publications to eliminate references to ITP terminology and programs. A review of IRS publications identified no ITP references.

## The Internal Revenue Service Has Initiated Steps to Remove Illegal Tax Protester References From the Internal Revenue Manual

In each of the six prior reviews, we identified multiple subsections throughout the various forms of the Internal Revenue Manual (IRM) that contained ITP references. During our FY 2004 review, we reported that there were 24 unique ITP references throughout the various forms of the IRM. In response to our report, the IRS stated that it had initiated actions to remove all remaining ITP references from the IRM.

In our current review, we found 19 unique ITP references in various versions of the IRM. Office of Chief Counsel management had already updated and removed 18 of

Our FY 2005 review of a sample of computer systems used by IRS employees to document case activity identified 309 isolated instances in which 272 employees designated taxpayers as "tax protesters," "ITPs," "constitutionally challenged," or other similar designations. These actions are prohibited by RRA 98 § 3707. However, employees are allowed to document any statements made by a taxpayer or his or her representatives, and quoting a taxpayer's self-designation as an ITP is not prohibited by RRA 98 § 3707. A chart detailing where inappropriate IRS employee comments were made can be found in Appendix V, and examples of the inappropriate comments can be found in Appendix VI.

The IRS has taken steps in directing its employees to prevent ITP and similar designations from appearing in case narratives. On October 11, 2002, the IRS issued a Servicewide Electronic Research Program (SERP) alert reminding employees of the prohibition regarding the use of ITP or any similar designations. Business and functional units independently continued to take additional steps to address this issue. These included sending out additional guidance in the form of SERP alerts, email alerts, and memoranda; updating training; conducting quality reviews for ITP use; and counseling employees that continued to designate taxpayers as ITPs or other similar designations.

In isolated instances, employees referred to taxpayers specifically using ITP or similar designations in case narratives input on the following IRS computer systems between October 2003 and September 2004:

- **Appeals Centralized Database System (ACDS)**: A review of 93,961 open Appeals narrative comment records identified 1 case in which 1 employee used similar designations when referring to a taxpayer in his or her case narrative.

- **Automated Collection System (ACS)**: A review of approximately 2.4 million open ACS records identified 49 cases in which 44 employees used ITP or similar designations when referring to specific taxpayers in their case narratives.

- **Criminal Investigation Management Information System (CIMIS)**: A review of 19,020 open and closed cases identified 3 cases in which 3 employees used ITP or similar designations when referring to specific taxpayers in their case narratives.

- **Integrated Collection System (ICS)**: A review of approximately 1.1 million open ICS records identified 214 cases in which 187 employees used ITP or similar designations when referring to specific taxpayers in their case narratives.

- **Taxpayer Advocate Management Information System (TAMIS)**: A review of 34,537 open TAMIS records identified 2 cases in which 2 employees used ITP or similar designations when referring to specific taxpayers in their case narratives.

- **Taxpayer Information File (TIF)**: A review of approximately 17.2 million open TIF records identified 40 history notations in which 35 employees used ITP or similar designations when referring to specific taxpayers in the Activity Code field of the TIF.

However, in response to our FY 2003 report, the IRS disagreed with our determination that, to comply with this provision, IRS employees should not designate taxpayers as ITPs or similar designations in case narratives. As a result, we elevated this disagreement to the Assistant Secretary for Management and Chief Financial Officer of the Treasury but have not yet received a response.

We believe it is reasonable to conclude that, based upon the language of the statute, IRS officers and employees should not label taxpayers as ITPs or similar designations in any IRS records, which include paper and electronic case files. IRS officers and employees should not designate taxpayers as ITPs or similar designations because such a designation alone contains a negative connotation and appears to label the taxpayer.

## Employees Used Illegal Tax Protester or Similar Designations in Isolated Instances in Case Narratives

Removing all ITP references from the various forms of the IRM would prevent IRS employees from being inadvertently encouraged to improperly label taxpayers as ITPs. Based on the actions taken, we believe no further recommendations are warranted at this time.

these references from their functional IRM maintained on the IRS Intranet. IRS management informed us that 18 of the 19 references we identified should be removed as other IRM versions are updated to incorporate functional IRM revisions. One additional ITP reference was identified in the SB/SE Division functional IRM. In January 2005, we notified SB/SE Division management of this remaining ITP reference for correction.

This is the first year we evaluated the Activity Code field on the TIF. In addition to the 40 account history notes input between October 2003 and September 2004, we

identified 315 additional instances in which account history notes contained ITP or similar designations input prior to and after FY 2004.

We notified W&I Division and SB/SE Division management of the instances in which employees had used the account history notes section on the TIF to label taxpayers as ITPs or similar designations. W&I Division management immediately issued an alert to remind employees not to designate taxpayers as ITPs or anything similar in the account history notes. W&I Division management is also working with SB/SE Division management to eliminate the existing ITP and similar designations from the TIF.

In addition, we identified 116 instances in various case narratives in which employees had made references or inferences about the taxpayers' actions (e.g., taxpayer sent letters containing "typical protester language" or the taxpayer responded with "protester jargon"). We agree with the IRS that merely making references to a taxpayer's actions does not constitute a designation prohibited by this statutory provision. However, we are concerned these references could become, or be considered, permanent labels that could subsequently stigmatize taxpayers in future contacts with the IRS.

Since the IRS has previously taken actions to address many of these issues and there is an outstanding question concerning the legal interpretation of RRA 98 § 3707, we believe no further recommendations are needed at this time.

## Detailed Objective, Scope, and Methodology

Appendix I

The objective of this review was to determine whether the Internal Revenue Service (IRS) complied with IRS Restructuring and Reform Act of 1998 (RRA 98) Section (§) 3707 and internal IRS guidelines that prohibit IRS officers and employees from referring to taxpayers as Illegal Tax Protesters (ITP) or any similar designations. The Treasury Inspector General for Tax Administration (TIGTA) is required to annually evaluate the IRS' compliance with the prohibition against using ITP or any similar designations. To complete this objective, we:

I. Determined if the ITP coding on the IRS Master File was removed by reviewing all Accelerated Issuance Codes (Transaction Code 148) as of November 2004 for Business Master File (BMF) records and Individual Master File (IMF) records. We analyzed 102,860 BMF records and 614,246 IMF records containing a Transaction Code 148 on the account. We generally relied on the TIGTA Office of Information Technology for validation of the data provided to us. However, we did a limited validation of the data by researching a judgmental sample of 25 Taxpayer Identification Numbers (TIN) and 25 Employer Identification Numbers on the Integrated Data Retrieval System (IDRS).

We also compared our historic computer extract of approximately 57,000 taxpayers designated as ITPs before the RRA 98 was enacted to our BMF and IMF records with an Accelerated Issuance Code (Transaction Code 148) to determine if any new common codes were being used to classify the taxpayers as ITPs.

II. Determined if the IRS Internal Revenue Manual (IRM) contained ITP or any similar designations by performing key word searches of the Servicewide Policy, Directive, and Electronic Research system; the Servicewide Electronic Research Program (SERP); the IRS electronic publishing Intranet web site; the IRS public Internet web site; and paper IRMs in December 2004. In addition, we determined if the Chief Counsel Directives Manual located on the IRS Office of Chief Counsel web site contained ITP or any similar designations by performing key word searches in December 2004. We specifically searched for corrections to the exceptions identified in our Fiscal Year 2004 report and determined if there were any new references.

III. Determined if IRS publications still contained ITP or any similar designations by performing key word searches of the SERP, the IRS public Internet web site, and the IRS electronic publishing Intranet web site in October 2004 and the IRS 2004 Federal Tax Products CD-ROM in December 2004.

IV. Determined if employees were using ITP or any similar designations within taxpayer case narratives on the IRS Integrated Collection System (ICS) by securing a copy of the ICS database and analyzing 1,083,521 ICS records open as of September 2004 with history action dates between October 2003 and September 2004. We did not perform a detailed validation of the ICS data because this information was provided directly from the IRS through the TIGTA Data Center Warehouse (DCW). However, we did a limited validation of the data by matching a judgmental sample of 25 TINs to the IDRS to determine if the accounts were in current collection status.

V. Determined if employees were using ITP or any similar designations within taxpayer case narratives on the IRS Automated Collection System (ACS) by securing a copy of the ACS database and analyzing 2,398,739 ACS records open as of September 2004 with history action dates between October 2003 and September 2004. We did not perform a detailed validation of the ACS data because this information was provided directly from the IRS through the TIGTA DCW. However, we did a limited validation of the data by matching a judgmental sample of 25 TINs to the IDRS to determine if the accounts were in current collection status.

VI. Determined if employees were using ITP or any similar designations within taxpayer case narratives on the IRS Taxpayer Advocate Management Information System (TAMIS) by securing a copy of the TAMIS database and analyzing 34,537 open TAMIS records with activity between October 2003 and September 2004. The Taxpayer Advocate Service provided the data and validation information to us. The TIGTA DCW staff validated the TAMIS data received. In addition, we did a limited validation of data accuracy and completeness by looking up a judgmental sample of 25 cases by accessing TAMIS online.

VII. Determined if employees were using ITP or any similar designations within taxpayer case narratives on the IRS Appeals Centralized Database System (ACDS) by securing a copy of the ACDS database and analyzing 93,961 open Appeals narrative comment records identified as received in the Appeals function between October 2003 and September 2004. The data were provided directly from the IRS and validated by the TIGTA Chicago Audit group. However, we did a limited validation of data accuracy and completeness by looking up a judgmental sample of 31 case records by accessing the ACDS online.

VIII. Determined if employees were using ITP or any similar designations within taxpayer case narratives on the IRS Criminal Investigation Management Information System (CIMIS) by securing a copy of the CIMIS database and analyzing 19,020 cases opened on the CIMIS between October 2003 and September 2004. The data were provided directly from the IRS and validated by the TIGTA Chicago Audit group.

IX. Determined if employees were using ITP or any similar designations on the Taxpayer Information File (TIF) by analyzing 12,341,522 IMF and 4,901,558 BMF taxpayer accounts open on the IDRS as of January 2005 with Activity Code dates input between October 2003 and September 2004. Since this was the first year we looked at the Activity Code field on the TIF, we also looked at taxpayer accounts that contained ITP or similar designations input before October 2003 and after September 2004.

**Appendix II**

**Major Contributors to This Report**

Michael R. Phillips, Assistant Inspector General for Audit (Wage and Investment Income Programs)
Mary V. Baker, Director
Bryce Kisler, Audit Manager
Alan Lund, Lead Auditor
Tanya Boone, Senior Auditor
Julia Tai, Senior Auditor
Craig Pelletier, Auditor

**Appendix III**

**Report Distribution List**

Commissioner  C
Office of the Commissioner – Attn: Chief of Staff  C
Commissioner, Small Business/Self-Employed Division  SE:S
Commissioner, Wage and Investment Division  SE:W

Fiscal Year 2005 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations

http://www.treas.gov/tigta/auditreports/2005reports/200540104fr.html (6 of 10)6/2/2006 9:45:35 AM

Fiscal Year 2005 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations

Appendix IV

## Outcome Measures

This appendix presents detailed information on the measurable impact that the review results will have on tax administration. While no recommendations were made in this report, the Treasury Inspector General for Tax Administration has made prior recommendations that continue to provide benefits. These benefits will be incorporated into our Semiannual Report to the Congress.

Type and Value of Outcome Measure:

- Taxpayer Rights and Entitlements – Actual; 309 taxpayers affected (see page 3).

Methodology Used to Measure the Reported Benefit:

We reviewed the following:

- From the Appeals Centralized Database System (ACDS) – a total of 93,961 open Appeals narrative comment records received between October 2003 and September 2004 and identified 1 case narrative that contained Illegal Tax Protester (ITP) or a similar designation.

- From the Automated Collection System (ACS) – approximately 2.4 million records open as of September 2004 from a database with history action dates between October 2003 and September 2004 and identified 49 taxpayer case narratives that contained ITP or a similar designation.

Chief, Appeals   AP
Director, Office of Research, Analysis, and Statistics   RAS
Chief, Criminal Investigation   SE:CI
Chief Information Officer   OS:CIO
Director, Communications and Liaison, National Taxpayer Advocate   TA:CCL
Director, Office of Servicewide Policy, Directives, and Electronic Research   RAS:SPDER
Director, Collection, Small Business/Self-Employed Division   SE:S:C
Director, Communications, Government Liaison, and Disclosure, Small Business/Self-Employed Division   SE:S:CGL&D
Director, Compliance, Wage and Investment Division   SE:W:CP
Acting Director, Strategy and Finance, Wage and Investment Division   SE:W:S
Acting Chief, Performance Improvement, Wage and Investment Division   SE:W:S:PI
Chief Counsel   CC
National Taxpayer Advocate   TA
Director, Office of Legislative Affairs   CL:LA
Director, Office of Program Evaluation and Risk Analysis   RAS:O
Office of Management Controls   OS:CFO:AR:M
Audit Liaisons:
GAO/TIGTA Liaison, Deputy Commissioner for Operations Support   OS
GAO/TIGTA Liaison, Deputy Commissioner for Services and Enforcement   SE
GAO/TIGTA Liaison, National Taxpayer Advocate   TA
GAO/TIGTA Liaison, Appeals   AP:P:S
Acting Chief, Customer Liaison, Small Business/Self-Employed Division   SE:S:COM
Acting Senior Operations Advisor, Wage and Investment Division   SE:W:S
GAO/TIGTA Liaison, Chief Information Officer   OS:CIO:SM:PO
GAO/TIGTA Liaison, Criminal Investigation   SE:CI:S:PS

Fiscal Year 2005 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations

- From the Criminal Investigation Management Information System (CIMIS) – a total of 19,020 cases opened between October 2003 and September 2004 and identified 3 taxpayer case narratives that contained ITP or a similar designation.
- From the Integrated Collection System (ICS) – approximately 1.1 million records open as of September 2004 from a database with history action dates between October 2003 and September 2004 and identified 214 taxpayer case narratives that contained ITP or a similar designation.
- From the Taxpayer Advocate Management Information System (TAMIS) – a total of 34,537 open cases with activity between October 2003 and September 2004 and identified 2 taxpayer case narratives that contained ITP or a similar designation.
- From the Taxpayer Information File (TIF) – approximately 17.2 million taxpayer accounts open on the IDRS as of January 2004 with TIF Activity Code dates input between October 2003 and September 2004 and identified 40 taxpayer history notations that contained ITP or a similar designation.

Type and Value of Outcome Measure:

- Reliability of Information – Actual; 19 unique Internal Revenue Manual (IRM) subsections (see page 2).

Methodology Used to Measure the Reported Benefit:

In December 2004, we searched various versions of the IRM available to Internal Revenue Service (IRS) employees for ITP references. These were found on the Servicewide Electronic Research Program (SERP), the IRS publishing web site, the IRS public Internet web site, and paper.

## Use of Illegal Tax Protester and Similar Designations in Case Narratives by Internal Revenue Service Employees During Fiscal Years 2003, 2004, and 2005

| Exception Location | Fiscal Year 2003 Review | | | Fiscal Year 2004 Review | | | Fiscal Year 2005 Review | | |
|---|---|---|---|---|---|---|---|---|---|
| | Employees | Protester Use | Similar Designation Use | Employees | Protester Use | Similar Designation Use | Employees | Protester Use | Similar Designation Use |
| Appeals Centralized Database System (ACDS) | 2 | 0 | 2 | 0 | 0 | 0 | 1 | 0 | 1 |
| Automated Collection System (ACS) | 77 | 66 | 17 | 41 | 31 | 13 | 44 | 38 | 11 |
| Criminal Investigation Management Information System (CIMIS) | 0 | 0 | 0 | 5 | 2 | 3 | 3 | 0 | 3 |

Appendix V

## Appendix VI

## Examples of Illegal Tax Protester and Similar Designations Found in Case Narratives

During our Fiscal Year 2005 review, we searched for the following words and abbreviations to identify Illegal Tax Protester (ITP) and other similar designations being used by Internal Revenue Service (IRS) employees in their case narratives. We did not take exception to employee comments quoting a taxpayer's self-designation as an ITP.

| | CHALLENGE | CHLLNG | CNSTTNL | CONGRESSIONAL |
|---|---|---|---|---|
| | CONSTITUTIONAL | ITP | OBJECTOR | PROTESTER |
| | PROTESTOR | PROTESTR | PROTSTR | PRTSTR |

The following comments made by employees are a few examples of ITP and similar designations found in IRS employees' case narratives.

- THIS TP [taxpayer] IS A TAX PROTESTER.
- HERE WE HAVE A LONG TIME COMPLIANCE CHALLENGED NON-TAXPAYER WHO HAS A 15 YEAR RECORD OF NOT PAYING [gender removed] TAXES.
- TP [taxpayer] IS A NON COMPLIANCE FILER AKA [also known as] IN THE OLD DAYS AS A TAX PROTESTOR.
- IT IS CLEAR THAT TP [taxpayer] IS A TAX PROTESTOR ALTHOUGH [gender removed] STATES IN [gender removed] LETTER THAT [gender removed] IS NOT.
- NOW I SEE THE PROTESTOR BEGINNING TO COME OUT.
- MR. & [and] MRS. [name removed] HAVE NOT BEEN COOPERATIVE TAXPAYERS AND ARE IDENTIFIED AS "CONSTITUTIONALLY CHALLENGED". [sic]
- TP IS "CONSTITUTIONALLY CHALLENGED" OR WHATEVER WE ARE CALLING THEM NOWADAYS.
- SINCE TP [taxpayer] IS A TAX PROTESTOR DO NOT WANT TO GIVE [gender removed] APPEAL RIGHTS TWICE.

| | CHALLENGE | CHLLNG | CNSTTNL | CONGRESSIONAL | CONSTITUTIONAL | ITP | OBJECTOR | PROTESTER | PROTESTOR | PROTESTR | PROTSTR | PRTSTR |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Integrated Collection System (ICS) | 209 | 93 | 135 | 153 | 76 | 101 | 187 | 95 | | | | 119 |
| Taxpayer Advocate Management Information System (TAMIS) | 4 | 0 | 4 | 4 | 3 | 1 | 2 | 0 | | | | 2 |
| Taxpayer Information File (TIF) | N/A | N/A | N/A | N/A | N/A | N/A | 35 | 36 | | | | 4 |
| TOTALS | 292 | 159 | 158 | 203 | 112 | 118 | 272 | 169 | | | | 140 |

Source: Various Internal Revenue Service case narratives and Treasury Inspector General for Tax Administration reports entitled Fiscal Year 2003 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations (Reference Number 2003-40-098, dated April 2003) and Fiscal Year 2004 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations (Reference Number 2004-40-109, dated June 2004).

Fiscal Year 2005 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations

http://www.treas.gov/tigta/auditreports/2005reports/200540104fr.html (9 of 10)6/2/2006 9:45:35 AM

Fiscal Year 2005 Statutory Audit of Compliance With Legal Guidelines Prohibiting the Use of Illegal Tax Protester and Similar Designations

- **TAXPAYER SEEMS NOT TO BELIEVE IN TAXATION. TP [taxpayer] MAY BE A TAX COMPLIANCE CHALLENGED TAXPAYER.**
- **TP [taxpayer] VERY NASTY PROTESTER.**

## Management's Response to the Draft Report

*The response was removed due to its size. To see the response, please go to the Adobe PDF version of the report on the TIGTA Public Web Page.*

**Appendix VII**