IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN J. GUIDETTI ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 1:06-cv-00476 (JR) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM ORDER OF DISMISSAL
UNDER FED.R.CIV.P. 60(b)(3) & (6)**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff sought damages for alleged "wrongful collection."

STATEMENT & DISCUSSION

1. <u>Background</u>.  Plaintiff, Stephen J. Guidetti, filed a 30-page complaint for damages on March 10, 2006.  (PACER #1.)  The United States moved to dismiss the complaint on May 8, 2006.  (PACER #4.)  On February 14, 2007, the Court dismissed the complaint, and the Clerk entered the order of dismissal on the same day.  (*See* PACER #11 & 12.)

2. <u>Plaintiff's rule 60 motion</u>.  On March 5, 2007, plaintiff filed a motion for "relief from the Order . . . dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P.60(b)(3) and (6)."  (Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 1.)  The motion seeks to

vacate the Court's order of dismissal issued and entered on February 14, 2007. (*Id.* at 6.)

    3. <u>Plaintiff's rule 60(b)(3) motion is baseless</u>. The standard for relief under rule 60(b)(3) is exacting: plaintiff must prove "by clear and convincing evidence some sort of fraud, misrepresentation or other misconduct." *Martin v. Howard Univ.*, 2000 WL 2850656, *3 (D.D.C. 2000), and must demonstrate "actual prejudice" resulting from the misconduct, misrepresentation or fraud." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

    Plaintiff presents six arguments in support of his motion for reconsideration. None specifies whether it is in support of rule 60(b)(3) or (6). But it appears that only two allege misconduct, misrepresentation or fraud. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 4, 6, 7, 8.)[1]/ Plaintiff asks whether the United States misrepresented "judicial precedent in respect of service" and the "status of the Court's subject matter jurisdiction." (*See, id.* at 2, 4.)

    The United States' position that plaintiff's attempt to serve the United States by himself sending the summons and complaint did not constitute proper service is supported by the caselaw the United States cited in its brief. Similarly, the United States'

---

    [1]/ These legal arguments are: 1) did plaintiff comply with Fed.R.Civ.P. 4(i) in serving the United States (p.2); 2) did the United States misrepresent the status of the Court's subject matter jurisdiction (p. 4); 3) did plaintiff adequately demonstrate his exhaustion of administrative remedies under the notice pleading regime of the federal courts (p. 4); 4) were plaintiff's notice pleadings sufficient to establish a presumption of a pattern of unlawful activity (p.6); 5) did the United States "read into" section 7433 and exhaustion requirement that was not in the statute (p.7); and 6) is 26 U.S.C. § 301.7433-1 a valid regulation (p.7-8)?

position that a failure to exhaust administrative remedies deprives this Court of subject-matter jurisdiction under the principle of sovereign immunity is supported by caselaw in this jurisdiction, although the United States is aware that there is now a split of authority in this Court on this issue. Accordingly, plaintiff cannot show any misconduct, misrepresentation or fraud that would warrant relief under rule 60(b)(3).

In addition, this Court explicitly declined to dismiss plaintiff's complaint on either the ground of improper service or subject-matter jurisdiction. (*See* opinion at 1-2 & 5 n.3.) Thus, plaintiff cannot demonstrate "actual prejudice" as required by rule 60(b)(3)

4. Plaintiff's rule 60(b)(6) motion is baseless. Relief under Fed.R.Civ.P. 60(b)(6) should be only sparingly granted. *Computer Professionals for Social Responsibility v. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996). The rule applies only to extraordinary circumstances. *Id.* Nevertheless, when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b) may be proper. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

It is clear from plaintiff's papers that all six of his arguments are presentations of purely legal arguments. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 4, 6, 7, 8.) A legal argument is not a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." These arguments, which plaintiff could have and should have made previously, do not constitute the "extraordinary circumstances" that would justify

relief under rule 60(b)(6).

## CONCLUSION

It is the position of the United States that plaintiff's motion under Fed.R.Civ.P. 60(b)(3) & (6) should be denied.

DATE:   March 19, 2007.

          Respectfully submitted,

          /s/ Pat S. Genis
          PAT S. GENIS, #446244
          Trial Attorney, Tax Division
          U.S. Department of Justice
          Post Office Box 227
          Washington, DC  20044
          Telephone/FAX:  (202) 307-6390/614-6866
          Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3) & (6) was served upon plaintiff by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Stephen J. Guidetti
>Plaintiff *pro se*
>335 Tall Pines Road
>Fountain Inn, SC 29644

>/s/ Pat S. Genis
>PAT S. GENIS #446244