RECEIVED
APR - 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# United States District Court
## IN THE DISTRICT OF COLUMBIA

Stephen J. Guidetti           No: 1:06-cv-00476 (JR)

        Plaintiff,

v.                          **REPLY TO OPPOSITION TO MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3), (6)**

United States

        Defendant.

Plaintiff herein replies to defendant's Opposition to Relief:

     Counsel asserts, at the outset:

> "Plaintiff presents six arguments in support of his motion for reconsideration. None specifies whether it is in support of rule 60(b)(3) or (6)."

Which arguments are better based upon outright fraud, or merely upon "any other reason justifying relief" is a semantic torus, turning continuously upon itself. For 60(b)'s "relief" purposes, it is irrelevant whether the grant of relief comes as a result of misconduct, or of "other reason justifying"; the relief is nothing more or less than the relief.

     Counsel then reverses herself, at least in part, by acknowledging:

> "But it appears that only two allege misconduct, misrepresentation or fraud."

"It appears" that counsel misrepresented "None specifies whether it is in support of rule 60(b)(3) or (6)." In respect of the first of those two, she then argues that:

> "The United States' position that plaintiff's attempt to serve the United States by himself sending the summons and complaint did not constitute proper service is supported by the caselaw the United States cited in its brief."

Overlooking the fact that Plaintiff's "attempt to serve" was successful, in that "the United States" was aware of, had opportunity, and in fact did respond to, Plaintiff's Complaint, the Court should note that none of the "caselaw the United States cited" bears directly upon service by certified or registered mail by a Plaintiff. *Davis v. Garcia*, 226 F.R.D. 386 (C.D. Cal. 2004), was dismissed primarily for Davis' failure to effect timely service (after Davis' attempt at <u>personal</u> service); *Taylor v. United States*, 192 F.R.D. 223, was dismissed solely for Taylor's failure to effect timely service; *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee* involved a district court's decision over matters governed by Fed.R.Civ.P. 37, and did not address service at all; *Light v Wolf* was dismissed solely because Light's purely private dispute might in substance have been regarded as an official capacity suit against Wolf, making Light's failure to serve the United States the basis for dismissal; and *Relf v Gasch* was about an <u>unauthorized transfer</u> of a Federal Tort Claims Act action over unauthorized, nonconsensual tubal sterilization of minors. Further, the Honorable Colleen Koller-Kotelly observed, in *Larue v. United States*, (DDC 06-61) (quoting from Charles Alan Wright & Arthur R. Miller, 4A Federal Practice & Procedure § 1106, at 151 & n.13 (2d ed.1987), that:

> "[T]here is no apparent reason why a person specified in Rule 4(c), rather than plaintiff or plaintiff's attorney, should be required to mail the copies of process to be served on the Attorney General . . .".

As to the second of the "two [that] allege misconduct, misrepresentation or

fraud", counsel argues:

> "[T]he United States is aware that there is now a split of authority in this Court on this issue..."

This, too, isa misrepresentation. There is no "split of authority". Upon review of the "caselaw the United States cited", it appears that every "jurisdictional" dismissal occurred prior to the Supreme Court's holding, in Arbaugh v. Y & H Corp., 126 S. Ct. 1235, that

> "If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character," (emphasis added)

while every dismissal occurring after Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006), "this Court"'s recognition of the Arbaugh Court's change in legal interpretation of jurisdictional bars, was based upon "failure to state a claim"; not a "split of authority". Second, to the extent that a "split of authority" might have, for however short a time, existed, the Honorable Rosemary Collyer (who first referred to "recognition" of such "split"), made clear in Martin v. United States, (05-2506 (RMC) (DDC 2006):

> [F]ailure to exhaust administrative remedies is not a jurisdictional prerequisite to bringing suit but only an element of a claim. See Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1245 (Feb. 22, 2006); see also Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006); Lindsey, 2006 U.S. Dist. LEXIS 58657, at *38

This was true, not from the Supreme Court's holding in Arbaugh, but from the enactment of TBOR III, making counsel's assertion that:

"Accordingly, plaintiff cannot show any misconduct, misrepresentation or fraud that would warrant relief under rule 60(b)(3)"

patently false. The "misconduct, misrepresentation or fraud that would warrant relief" arises from 1) the misrepresentation of the current state of the law; 2) from the misrepresentation that the current regulation, which clearly attempts to impose a jurisdictional bar omitted from the statute by Congress, tracks the current statute; a misrepresentation arguably rising to the level of outright fraud (this misrepresentation that what had been, in TBOR I, a jurisdictional bar; removed by TBOR II, was reinserted "verbatim" in TBOR III, arguably rises to the level of outright fraud). And even if the qualification for an award of damages could be properly construed, prior to *Arbaugh*, as a jurisdictional bar, it still does not create a post *Arbaugh*, "split of authority". This, too, is a misrepresentation.

The misrepresentation that the DOJ Tax Division is not bound by Supreme Court precedent is certainly misconduct, if not outright fraud. The misrepresentation that the District Court could ignore Supreme Court precedent is certainly misconduct, if not outright fraud.

Remarkably, counsel concedes, by silence (similar to § 7433's silence on pleading exhaustion), that *Jones v. Bock* has established that failure to exhaust remedies is no basis for dismissal, but is, rather, an affirmative defense. Citing Fed.R.Civ.P 8 (plain and simple statement of the claim), and *Conley v. Gibson* 355 U.S. 41, 47 (1957) (as have many of the post-Arbaugh dismissals), the *Jones* Court established that a statute must clearly require a Plaintiff to plead exhaustion of

remedies before a lower court can impose such a requirement; counsel concedes, by silence, that TBOR III imposes no such "plead exhaustion" language. The *Jones* Court established, and counsel concedes, by silence, that failure to exhaust is an affirmative defense, knowing full well that affirmative defenses are factual matters within the province of, and which must be sanctioned by, the jury. Counsel has conceded these points, as well as conceding that a motion to dismiss for failure to state a claim could be, and is more properly to be, brought after a jury has decided the affirmative defense; and, that defendant's agent has engaged in an apparent pattern of racketeering activity, by silence.

There is ample reason to grant the relief requested under Fed.R.Civ.P. 60(b)(3). There is abundant reason to grant the relief requested under Fed.R.Civ.P. 60(b)(6).

It is time that defendant's routine of hiding behind the skirts of ambiguous and arcane procedural technicalities be ended. Plaintiff's motion should be granted, and the United States should present its affirmative defense to a jury of its peers.

/////

Respectfully Submitted

Dated *April 7th*, 2007

*[signature]*
Stephen J. Guidetti

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the forgoing on:
Certified Mail Receipt No. 7006 0810 0004 8912 2448

Pat S Genis
U.S. Dept of Justice
P.O. Box 277
Washington D.C. 20044

Dated April 7th, 2007

Stephen J. Guidetti